DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DOROTHY LEWIS,**

           **Plaintiff,**             Civil Action

v.                                            No. 08-2515-JWL-DJW

**KANSAS CITY ARE RETAIL FOOD
STORE EMPLOYEES PENSION FUND,
a/k/a U.F.C.W. District Union Local Two
and Employers Pension Fund,**

           **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend Complaint (doc. 16). Plaintiff seeks leave of court to file an amended complaint to assert claims for fraud and punitive damages.

Federal Rule of Civil Procedure 15(a)(1)(A) allows a party to "amend its pleading once as a matter of course . . . before being served with a responsive pleading." Consequently, a plaintiff is allowed to amend his/her complaint on one occasion without seeking leave of court if (1) the plaintiff has not previously amended the complaint, and (2) the defendant has not filed a responsive pleading.

Plaintiff has not previously amended her Complaint nor has Defendant filed an answer to the Complaint. Although, Defendant has filed a pleading entitled "Motion for Summary Judgment to Dismiss Plaintiffs' Complaint with Prejudice" (doc. 5), it is well settled that motions to dismiss or

for summary judgment are not "responsive pleadings" and do not cut off a plaintiff's right to amend.[1]

In light of the foregoing, Plaintiff may proceed to file her Amended Complaint as a matter of course, and she does not need leave to do so under Rule 15(a)(1)(A).[2] Because Plaintiff's Motion for Leave to Amend Complaint is unnecessary, it will be denied as such.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (doc. 16) is denied as unnecessary, as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff may proceed to file her Amended Complaint as a matter of course under Rule 15(a)(1)(A).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 27th day of January, 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc: Plaintiff and all *pro se* parties

---

[1] *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (("Because defendants' motions to dismiss or for summary judgment were not responsive pleadings, [plaintiff] could have amended her complaint prior to dismissal without requesting or receiving leave of the court."); *see also Ciper v. Shumway,* 780 F.2d 27, 29 (10th Cir. 1985) ( "Ordinarily, a motion to dismiss is not deemed a responsive pleading."); *Gipson v. Southwestern Bell Tel. Co.*, No. 08-2017-KHV, 2008 WL 4307614, at *1 (D. Kan. Sept. 19, 2008) (motions to dismiss or for summary judgment are not responsive pleadings, and therefore do not cut off a plaintiff's right to amend his pleadings once at any time).

[2] *See Brever*, 40 F.3d at 1131 (a plaintiff need not request or receive leave of court to amend her complaint where no answer but only a motion to dismiss or motion for summary judgment has been filed)..