**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DOROTHY LEWIS,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **KANSAS CITY AREA RETAIL FOOD** ) <br> **STORE EMPLOYEES PENSION FUND,** ) <br> **a/k/a U.F.C.W. District Union Local Two** ) <br> **and Employers Pension Fund,** ) <br> ) <br> **Defendant.** ) <br> ) <br> _____) | Case No. 08-2515-JWL |

**ORDER**

Plaintiff, Dorothy Lewis, filed her pro se complaint (Doc. 1) on October 16, 2008 against Defendant, Kansas City Area Retail Food Store Employees Pension Fund. Defendant filed a Motion for Summary Judgment to Dismiss Plaintiff's Complaint with Prejudice (Doc. 5) on November 12, 2008.  Ms. Lewis filed for and the court granted several extensions of time to respond to Defendant's summary judgment motion.  On January 29, 2009, Ms. Lewis filed an amended complaint in this case (Doc. 18).  On February 6, 2009, Defendant filed a Motion for Extension of Time to File a Response (Doc. 20).  The court granted this motion that same day and extended Defendant's response deadline to February 26, 2009.  On February 26, 2009, Defendant filed a Motion for Summary Judgment or in the Alternative, Motion to Dismiss Plaintiff's First

Amended Complaint (Doc. 24). This case is presently before the court on Plaintiff's Motion for Default Judgment (Doc. 27) and Motion to Strike All Pleadings (Doc. 26). The court summarily denies both motions by Ms. Lewis as she misunderstands the requirements of the Federal Rules of Civil Procedure and the local rules of this court.

In her Motion for Default Judgment, Ms. Lewis argues that she is entitled to default judgment as Defendant did not file an answer within the time limits set forth in Fed. R. Civ. P. 12(a)(1)(A). However, in response to Plaintiff's amended complaint, Defendant filed a Motion for Summary Judgment or in the Alternative, Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 24). Defendant argues that it is entitled to summary judgment because all the claims asserted by Ms. Lewis are barred by res judicata, or alternatively, that the court should dismiss Plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(6) as the complaint fails to state a claim upon which relief can be granted. *See* Doc. 24, at 1. Fed. R. Civ. P. 12 sets out the guidelines for when and how a defendant must respond to the filing of a complaint. In addition to filing an answer, a defendant can file a motion asserting various defenses as outlined in Fed. R. Civ. P. 12(b). "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Therefore, Defendant was following the proper procedure in filing its Motion for Summary Judgment/Motion to Dismiss prior to filing its answer. Additionally, Fed. R. Civ. P. 12(a)(4) explains that serving a motion under this rule alters the timing requirements for filing a responsive pleading. Therefore, Defendant has complied with the requirements

of the Federal Rules of Civil Procedure, and the court summarily denies Plaintiff's Motion for Default Judgment (Doc. 27).

In her Motion to Strike, Ms. Lewis argues that all pleadings filed by Defendant in this case should be stricken as counsel for Defendant did not file "his official (formal) entry of appearance under D. Kan. 5.1(d) to act on behalf of the Defendant in this matter." Doc. 26, at 2. D. Kan. 5(1)(d) reads: "Appearances by counsel shall be entered by signing and filing a formal entry of appearance or by signing the initial pleading, motion, or notice of removal filed in the case." Here, counsel for Defendant, Bryant T. Lamer, signed the initial motion he filed in the case, namely, the first motion for summary judgment, and as a result, counsel for Defendant complied with the Local Rules regarding the entry of his appearance. Therefore, the court summarily denies Plaintiff's Motion to Strike (Doc. 26).

IT IS THEREFORE ORDERED BY THE COURT THAT Plaintiff's Motion for Default Judgment (Doc. 27) is summarily denied.

IT IS FURTHER ORDERED BY THE COURT THAT Plaintiff's Motion to Strike All Pleadings (Doc. 26) is summarily denied.

IT IS SO ORDERED.

Dated this 4th day of March, 2009, in Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge